HARRY SANDSEA *vs.* NO-KAP CLOSURES (USA) INC.

JULY 18, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of assumpsit to recover for work and labor performed by the plaintiff. After a trial in the superior court a jury returned a verdict in his favor for $188.31. Defendant's motion for a new trial was heard and denied by the trial justice. The case is before us on defendant's exceptions to the denial of that motion, to the refusal of the trial justice to direct a verdict in its favor, and to certain rulings on the admission of evidence.

It appears from the evidence that the plaintiff, who is a toolmaker and who runs a machine shop in the city of Providence, constructed a milling machine from plans which were brought to him by one Rolle, an "experimental mechanic" or "developer" in the employ of the defendant. The work, when completed under Rolle's supervision, was delivered to him and charged by the plaintiff to the defendant. A bill for this work was sent by the plaintiff to the defendant on May 26, 1938. Two statements, which, in addition to a charge of $172.75 for work on the milling machine, included also a charge of $225 for prior work done by the plaintiff for the defendant, were sent to the defendant on June 1 and on July 1, 1938. In the meantime plaintiff had asked the defendant several times for money. Finally, on July 11, 1938, the defendant sent a check for $225 and a letter stating that the charge for the milling machine work should have been billed to a corporation known as the Molding Corporation of America, Inc. At the time of the trial the defendant apparently did not question the character of the plaintiff's work but, in addition to the claim that it did not owe the bill, it also seriously disputed the amount of the charge which the plaintiff had made for the work in question.

The evidence shows that the plaintiff had done two other jobs for the defendant prior to the work on the milling machine. On each of these occasions Elton C. Church, president of the defendant corporation, went with Rolle to the plaintiff's shop, and they both participated in giving those orders. The plaintiff testified that when Rolle ordered the milling machine to be made he told him that: "He didn't have much to do up in his factory so he was going to make this milling machine for the Molding Corporation of America"; that since that corporation then owed the plaintiff money, which he had not been able to collect, the plaintiff said to Rolle: " 'Who is going to pay for this?' because I couldn't go no further with the Molding Corporation." and

that Rolle answered: "No-Kap of course." The evidence shows that, as a matter of fact, defendant charged the Molding Corporation for Rolle's work in connection with the milling machine.

The defendant does not deny receiving the bill and the statements for the work in question. Church, the defendant's president, testified that the first he knew that the plaintiff had charged the defendant for the work on the milling machine was when he received the plaintiff's bill; that as soon as it was convenient in June he consulted Rolle in relation thereto, and was told by him that the milling machine bill should be charged to O'Koomian, of the Molding Corporation; that a few days later, when O'Koomian came to the defendant's office, Church spoke to O'Koomian about this matter, gave him the bill, and asked him to see the plaintiff and have the bill "transferred from our (the defendant's) account to his"; that O'Koomian later told him that the plaintiff had done this, and that when he (Church) received plaintiff's statement of July 1, 1938 with the milling machine charge still in that statement, he wrote the letter hereinbefore referred to. O'Koomian was not produced as a witness by the defendant nor was any explanation offered for his failure to testify.

Rolle testified that he went to the plaintiff for the work in question at O'Koomian's suggestion; that he conveyed this information to the plaintiff; that he (Rolle) did not tell the plaintiff that the defendant would pay for the work; and that he had no authority from the defendant to charge the work to its account. Rolle further testified that the plaintiff's charge for the work actually done was unreasonable, and that a charge for forty-five hours at the rate of $1.25 to $1.50 an hour would be reasonable, under the circumstances, for the work done.

Three of the defendant's exceptions relate to the introduction in evidence of the plaintiff's books of account and

timecards. Relying on the cases of *Churchill* v. *Hebden,* 32 R. I. 34, and *Atlas Sheet Metal Works, Inc.* v. *Campbell,* 48 R. I. 160, it contends that the books of account and the time-cards were inadmissible to show to whom credit was given. The defendant fails to note that in each of those cases the defendant therein admitted the amount of the claim involved, which fact clearly distinguishes them from the instant case. Here, since the amount of the plaintiff's charges were questioned by the defendant, the books of account and the timecards kept in the regular course of the plaintiff's business were competent evidence to prove the performance of the work and the charges which he had made therefor. *Cargill* v. *Atwood,* 18 R. I. 303; see also *Lewis Mears Co.* v. *Norfolk County Creamery,* 48 R. I. 221. If the defendant desired to restrict the consideration by the jury of such evidence to the issue, as to which it was clearly admissible, the defendant could have requested a specific charge to that effect. This it failed to do. The defendant's exceptions on this point are, therefore, overruled.

The defendant's exception to the denial of its motion for a directed verdict is without merit. The evidence in the case was conflicting. It was reasonably open to the construction that, when Rolle gave the order and later supervised the work, he was acting within the scope of his express or apparent authority as defendant's agent. This exception is overruled.

The defendant's exception to the denial of its motion for a new trial is also without merit. The question of Rolle's apparent authority to bind the defendant was clearly one for the jury to pass upon. At the conclusion of a charge to which the defendant took no exception, the trial justice, at the defendant's request, instructed the jury to answer the following specific question: "Did the No-Kap Closures (USA) Incorporated give Harry Sandsea reason to believe that Karl Rolle had authority to act in its behalf in charg-

ing the cutting machine to its account?" The jury answered this question in the affirmative and returned a verdict for the plaintiff. In his rescript denying the defendant's motion for a new trial, the trial justice said: "The Court feels that substantial justice has been done and approves the verdict." Applying the well-established rule, which governs us in reviewing a decision of a trial justice on a motion for a new trial, we cannot say that the decision of the trial justice in the instant case was clearly wrong. The defendant's exception to the denial of its motion for a new trial is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.

*Arthur L. Conaty*, for plaintiff.

*Lisker, Sullivan & Lisker, Hyman Lisker*, for defendant.