This is an action in assumpsit on defendant's guarantee of prior endorsements on a check. The case was tried before a jury in the superior court. At the conclusion of the testimony, each party moved for a directed verdict in its favor. The trial justice granted the plaintiff's motion and denied that of the defendant. At the direction of the court, the jury returned a verdict for the plaintiff in *Page 359 
the sum of $273.61, which includes $27.09 for interest on $246.52, the principal amount of the check. The case is before us on defendant's bill of exceptions. The exceptions relied upon are, first, to the direction of a verdict for the plaintiff; second, to the denial of defendant's motion for a directed verdict; and third, to the exclusion of certain testimony in the course of the trial.
The evidence shows that Brownell Field Company, on August 19, 1937, drew a check on the plaintiff, in the sum of $246.52, payable to the order of "Federal Press, 73 Atwells Ave., Providence, R.I.", in payment of an indebtedness which it owed to the payee. It gave this check to one Louis A. Christly, who endorsed it "Federal Press by Louis A. Christy" and cashed it at MacDonald's, Inc., a subsidiary of Jackson Furniture Company. MacDonald's, Inc. endorsed the check and deposited it for collection with the defendant. The check was paid to the defendant by the plaintiff through the clearing house and bears the following stamped endorsement by the defendant: "Received payment through Providence Clearing House. Prior endorsements guaranteed. Aug. 21, 1937. Industrial Trust Company — Exchange Branch, Providence, R.I." The amount of the check was then deducted from the account of the drawer; and the check was inclosed with the monthly statement which was given to the drawer.
On March 8, 1938, Brownell Field Company returned the cancelled check to the plaintiff with a letter which, after clearly identifying the check, says: "We have discovered that the endorsement on this check by Louis A. Christy was not authorized, and that payment should not have been made, and therefore look to you for reimbursement." In a letter of the same date, the plaintiff notified the defendant of its customer's claim; it called attention to the defendant's endorsement stamp on the cancelled check which was inclosed in the letter, and it demanded reimbursement for the amount of that check. *Page 360 
On May 3, 1938, the attorneys for Brownell Field Company sent the plaintiff a claim letter demanding reimbursement for the amount in question. In its letter of May 6, 1938, the plaintiff advised Brownell Field Company that it was that day crediting the latter's account with such amount, subject to the following reservation: "If it subsequently develops that we were justified in making the payment in question, we reserve the right to debit your call account with the amount of the credit this day made." The plaintiff then brought the present action against the defendant on the latter's guarantee of prior endorsements.
The testimony, in substance, of Mario F. Turilli is that he owned and operated the Federal Press, under which trade name he carried on a printing business; that Christy, his wife's brother-in-law, was employed by him to make contacts with customers and collect accounts for the Federal Press; and that while Christy had authority and did, with his knowledge and approval, collect accounts either by way of cash or checks, Christy did not have authority to endorse checks. Christy did not testify in this case, and there was no testimony beyond that of Turilli as to Christy's authority to endorse checks for Federal Press.
The Federal Press did work for the Jackson Furniture Company and its subsidiaries. All their accounts were kept by one bookkeeper, and their bills, at least those from Federal Press, were apparently paid by checks of the Jackson Furniture Company. These companies always dealt with Christy in the matter of giving orders or making payments to Federal Press. It is clear that Turilli was unknown to them; that they supposed that Christy was the Federal Press; and that they had no notice to the contrary.
Three cancelled checks of the Jackson Furniture Company to the Federal Press, dated April 6, May 14, and July 13, 1937, are in evidence. All three are endorsed "Federal Press by Louis A. Christy." Proper credits were entered on the *Page 361 
books of the Federal Press for the respective payments indicated by these checks, although such payments were not so entered for some days after the checks were received by Christy.
There is no express evidence as to whether the money that Christy received from McDonald's, Inc. on the check of Brownell 
Field Company, here in issue, was ever credited by Federal Press to the account of Brownell Field Company. Nor is there any express evidence of any claim by Federal Press against Brownell 
Field Company for the amount represented by the check in question after Christy had received and cashed that check.
Upon all this evidence each party moved for a directed verdict in its favor, with the result stated early in this opinion. In such a case, each motion is to be considered independently of the other in accordance with our well-established rule.
Taking up first the plaintiff's motion for a directed verdict, we find that the evidence, which of course includes such reasonable inferences as may be drawn therefrom, is fairly open to interpretation that may reasonably lead to different conclusions. There are issues of fact in this case that a jury should determine in the first instance. Whether Christy exceeded his authority, in endorsing the check of Brownell Field Company, or whether he had apparent authority to endorse that check in the peculiar circumstances of this case, are questions of fact subject to different answers. An agent's real or apparent authority is ordinarily one of fact to be determined from all the circumstances in evidence. Eckstein v. Caldwell, 61 R.I. 142;Sandsea v. No-Kap Closures, Inc., 65 R.I. 275, 14 A.2d 655.
It is also a question of fact whether Turilli was a disclosed or an undisclosed principal. The circumstances in evidence, especially Christy's course of conduct with Jackson Furniture *Page 362 
Company and its subsidiaries, might reasonably lead a jury to find that Turilli was an undisclosed principal. In such a case, Turilli, who is the Federal Press and whose connection with that concern was not known to the Jackson Furniture Company and its subsidiaries until the trial of this case, would be bound by Christy's actions, whether or not the latter exceeded his real or apparent authority as an agent. Eckstein v. Caldwell, supra.
In the circumstances of this case it was error to grant the plaintiff's motion for a directed verdict. The defendant's exception to this ruling is sustained.
We will now consider the defendant's motion for a directed verdict. There is no evidence in this case that Federal Press did not receive from Christy at some later date, as it did on other occasions involving checks, the money that he received on the check in question, nor that Brownell Field Company again paid or was ever asked by Federal Press again to pay the amount of that check. While the evidence shows a bookkeeping loss, and a conditional one at that, the evidence completely fails to show any actual loss by the plaintiff. If, in these circumstances, the plaintiff bank was entitled to recover from the defendant bank under some rule of the Providence Clearing House, the sufficient answer is that there is no such rule in evidence.
In the circumstances of this case, a finding of damages by the jury would have to rest on inference upon inference. From the testimony of Turilli and his bookkeeper that Christy's endorsement was unauthorized and that the check was not received by Federal Press, the jury would have to infer that the money represented by that check was never received by the Federal Press and that Christy's action was not ratified by Turilli, who was the Federal Press. Then from this inference they would have to infer that Federal Press again demanded the amount of the check from Brownell Field Company, and from such inference still further *Page 363 
infer that the latter had complied with such demand to the damage of the plaintiff. When all this is considered in connection with the conditional credit that the plaintiff gave to Brownell 
Field Company, we find no proof, even by way of reasonable inference, tending to show that the plaintiff had suffered any damage.
The plaintiff in this case, on the assumption that Brownell 
Field Company had suffered a loss, gave that firm a voluntary conditional credit, apparently as a matter of business policy in order to retain the good will of its customer. In this situation, the defendant's motion for a directed verdict should have been granted. The defendant's exception is therefore sustained.
In view of our conclusion on the facts in this case, we need not consider the defendant's exception to the exclusion of certain testimony in the course of the trial.
The defendant's exceptions are sustained. The plaintiff may, if it shall see fit, appear before this court on April 21, 1941, and show cause, if any it has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.